JUDGE RAKOFF

PROSKAUER ROSE LLP
Russell L. Hirschhorn
Kevin J. Pflug
1585 Broadway
New York, New York 10036-8299
P: 212.969.3286
F: 212.969.2900
*Attorneys for Plaintiff*



'08 CIV 5304

RECEIVED
JUN 10 2008
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------

BOARD OF TRUSTEES OF THE UFCW
LOCAL 174 PENSION FUND,

        Plaintiff,

        v.

SONNY'S 10th AVENUE MEAT
MARKET,

        Defendant.

--------------------------------------------

Civil Case No.: _____

**COMPLAINT**

**ECF CASE**

      Plaintiff, Board of Trustees of the UFCW Local 174 Pension Fund (the "Trustees"), by and through its attorneys, Proskauer Rose LLP, states by way of complaint against Defendant, Sonny's 10th Avenue Meat Market ("Sonny's Meat Market"), as follows:

      1.     This is an action seeking relief pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.*, including but not limited to Sections 4201 through 4301, 29 U.S.C. §§ 1381 through 1451.

### THE PARTIES

      2.     The Trustees of the UFCW Local 174 Pension Fund (the "Fund") established the UFCW Local 174 Pension Plan (the "Plan"), which at all relevant times was, and is, a multiemployer defined benefit pension plan, as defined by ERISA § 3(37)(A), 29 U.S.C.

§ 1002(37)(A). The Fund maintains offices at 900 South Avenue, Second Floor, Suite 64, Staten Island, New York 10314.

3.     At all relevant times Sonny's Meat Market maintained offices at 758 Tenth Avenue, New York, New York 10019, and engaged in the wholesale meat packing business.

## JURISDICTION & VENUE

4.     This Court has jurisdiction to hear this action pursuant to ERISA § 4301(c), 29 U.S.C. § 1451(c).

5.     Venue is proper in this district pursuant to ERISA § 4301(d), 29 U.S.C. § 1451(d).

## FACTUAL ALLEGATIONS

6.     Pursuant to a collective bargaining agreement between Sonny's Meat Market and UFCW Local 174, the labor organization that for collective bargaining purposes represented the employees of Sonny's Meat Market, Sonny's Meat Market had a duty to contribute to the Fund in accordance with the terms of the collective bargaining agreement and the Amended and Restated Agreement and Declaration of Trust (the "Trust Agreement") governing the Fund.

7.     Sonny's Meat Market made contributions to the Fund until June 2006, at which time it completely withdrew from the Fund. This complete withdrawal triggered the imposition of withdrawal liability on Sonny's Meat Market pursuant to ERISA § 4203, 29 U.S.C. § 1383.

8.     By letter dated July 9, 2007 (the "Demand Letter"), the Fund notified Sonny's Meat Market that it had effected a complete withdrawal from the Fund and, therefore, was subject to the payment of withdrawal liability pursuant to ERISA §§ 4202 and 4219(b)(1), 29 U.S.C. §§ 1382 and 1399(b)(1), and the terms of the Plan and the Trust Agreement. Annexed

7212/74616-003 Current/11236569v3                                                    06/09/2008 06:32 PM

here to as Exhibit A is a true and correct copy of the Demand Letter and the certified mail return receipt.

9.      As explained in the Demand Letter, the payment schedule provided for a single payment of $218,125.00, or 80 equal quarterly payments of $2,333.00.  In accordance with ERISA § 4219, 29 U.S.C. § 1399(c)(2), the payments were to commence no later than 60 days after the date of the Demand Letter, *i.e.*, no later than September 7, 2007.

10.      In connection with the mass withdrawal, the Fund notified Sonny's Meat Market by letter dated December 20, 2007 (the "Redetermination Letter") that it had calculated Sonny's Meat Market redetermination liability pursuant to 29 C.F.R. § 4219.11(b)(2).  Although the redetermination liability did not change the quarterly payment owed by Sonny's Meat Market, as explained in the Redetermination Letter, the period over which Sonny's Meat Market must make its quarterly installment payments on its withdrawal liability became infinite.  Annexed hereto as Exhibit B is a true and correct copy of the Redetermination Letter and the certified mail return receipt.

11.      The Redetermination Letter also states that Sonny's Meat Market will receive a notice and a demand for reallocation liability, the final component of withdrawal liability, on a date to be determined under 29 C.F.R. 4218.16(c), but no later than July 30, 2009.

12.      By letter dated February 18, 2008 (the "Default Letter"), the Fund notified Sonny's Meat Market that, *inter alia*, the Fund had not received payment as described in the Demand Letter.  Annexed here to as Exhibit C is a true and correct copy of the Default Letter.

13.      Notwithstanding the Default Letter, the Demand Letter, the terms of the Plan, the Trust Agreement and ERISA, Sonny's Meat Market has refused to make the payments to the

3

Fund as described in these letters.

14.     Sonny's Meat Market is in default as a result of not having paid its withdrawal liability to the Fund within 60 days of the date that it received the Default Letter.  Pursuant to ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(5), Sonny's Meat Market is required to immediately pay the total outstanding amount of its withdrawal liability, plus accrued interest on the total outstanding liability from September 7, 2007, the due date of the first payment that was not timely made.

15.     By letter dated May 7, 2008 (the "Acceleration Letter"), the Fund informed Sonny's Meat Market that it was in default of its withdrawal liability and demanded immediate payment of $218,125.00 plus accrued interest of $16,359.37.  Annexed here to as Exhibit D is a true and correct copy of the Acceleration Letter and the certified mail return receipt.

16.     Sonny's Meat Market has refused to make the payment to the Fund as described in the Acceleration Letter.

17.     By the acts and omissions set forth above, Sonny's Meat Market violated ERISA and the terms of the Plan and Trust Agreement.  As a result of Sonny's Meat Market's acts and omissions, the Fund has been damaged and has been deprived of money due and owing to the Fund.

**WHEREFORE**, the Trustees of the UFCW Local 174 Pension Fund demand that judgment be entered in its favor and against Sonny's Meat Market and that it be awarded $234,484.37, plus accrued interest from May 7, 2008, attorneys' fees, costs of suit, and such other legal and equitable relief as the Court may deem just and appropriate, including, without limitation, payment of Sonny's Meat Market's reallocation liability.

4

Dated:  June 10, 2008

Respectfully submitted,

PROSKAUER ROSE LLP

By: _____

Russell L. Hirschhorn
Kevin J. Pflug
1585 Broadway
New York, New York 10036-8299
P: 212.969.3286
F: 212.969.2900
rhirschhorn@proskauer.com
kpflug@proskauer.com
*Attorneys for Plaintiff*

5

# EXHIBIT

# A

 

540 WEST 48TH STREET • NEW YORK, NEW YORK 10036-1130 • 212 307-7007

July 9, 2007

**By Certified Mail/ Return Receipt Requested**

Sonel Ramirez
Sonny's 10th Ave. Meat Market
758 10th Avenue
New York, NY 10019

Re:    Notice and Demand for Payment of Withdrawal Liability
       UFCW Local 174 Pension Fund

Dear Mr. Ramirez:

According to your letter dated June 21, 2007, Master Purveyor (the "Company") ceased to have an obligation to contribute to the UFCW Local 174 Pension Fund (the "Fund") as of June 26, 2007. As a result, the Company has effected a complete withdrawal from the Fund, within the meaning of Section 4203(a) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Consequently, the Company is subject to the payment of withdrawal liability to the Fund and, in accordance with the requirements of Section 4202 of ERISA, the Board of Trustees of the Fund hereby makes demand for payment of withdrawal liability, as described below.

In accordance with the Fund's method of computing withdrawal liability, we have computed the Company's withdrawal liability to the Fund to be $218,125.00. Under Sections 4219(c)(1)(C) and (c)(3) of ERISA, the Company is required to pay the full value of its withdrawal liability in 80 quarterly installment payments, each in the amount of $2,333.00. Please find enclosed a calculation sheet showing the withdrawal liability amount, as well as a payment schedule setting forth the Company's required withdrawal liability payments. Pursuant to Section 4219(c)(4) of ERISA, the Company may elect to prepay the outstanding amount, plus accrued interest, in whole or in part, without penalty.

In accordance with Section 4219(c)(2) of ERISA, payment of withdrawal liability to the Fund is required to commence no later than 60 days after the date of this Notice, "notwithstanding any request for review or appeal of determinations of the amount of such liability." Thus, the Company's initial quarterly withdrawal liability payment is due on or before September 7, 2007. Payment of withdrawal liability should be made directly to the order of "UFCW Local 174 Pension Fund" and forwarded to the undersigned at the address above.

Please note that the liability and payment schedule set forth above and in the enclosure is an estimate that is subject to adjustment due to a change in withdrawal liability resulting from, for example, any actuarial change in the amount of unfunded vested benefits. If such an adjustment becomes necessary, the Fund will submit an amended withdrawal liability statement to the Company.

Failure to commence payment of withdrawal liability or to make timely subsequent payments, as required under ERISA, will constitute "default" within the meaning of Section 4219(c)(5) of ERISA, and will entitle the Fund to require immediate payment of the full amount of withdrawal liability owed to the Fund by the Company, plus accrued interest. The Fund will assess such default penalties on the entire amount of the Company's withdrawal liability, as well as any court costs and attorneys' fees incurred in collecting such delinquency.

Under Section 4219(b)(2)(A) of ERISA, the Company has the right, within 90 days after the receipt of this Notice, to:

(1)  Request the Trustees to review any specific matter relating to the determination of the Company's withdrawal liability and the schedule of payments described herein;

(2)  Identify any inaccuracy in the determination of the amount of unfunded vested benefits allocable to the Company; and

(3)  Furnish any additional relevant information to the Trustees.

Pursuant to Section 4221 of ERISA, any dispute arising out of the Fund's determination and review must be resolved through arbitration. Either party may initiate the arbitration proceeding herein within a 60 day period after the earlier of:

(a)  the date of the Fund's notification to the Company under Section 4219(b)(2)(B) of ERISA, or

(b)  120 days after the date of the Company's request under Section 4219(b)(2)(A) of ERISA.

**_Under Section 4219(c)(2) of ERISA, the Company must commence payments demanded herein in accordance with the terms and schedule set forth above, notwithstanding any request for review or appeal of determinations._**

Pursuant to Section 4219(a) of ERISA, it is hereby requested that the Company advise the undersigned, within 30 days of the date of this Notice, whether the Company is or was a member of a trade or business "under common control" within the meaning of Sections 414 and 1563 of the Internal Revenue Code of 1986, as amended (i.e., a "controlled group"). If the Company is or was a member of a controlled group, it is hereby requested that the Company furnish the undersigned with the corporate (or business) names and addresses of each organization within

2

the controlled group.  Please also note whether any of these organizations contributed to the Fund at any time.

If you have any questions, please contact the undersigned.

Sincerely,

Board of Trustees of the
UFCW Local 174 Pension Fund

By: Brandi Lauletti
    Brandi Lauletti
    Fund Administrator


Enclosures

cc: Amy Covert, Esq.

3

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Sonel Ramirez
Sonny's 10th Ave. Meat Market
758 10th Avenue
New York,, NY 10019

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____
☐ Agent
☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery
7 12 45

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7006 2760 0003 0037 5497

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

O F F I C I A L   U S E

Postage  $
Certified Fee
Return Receipt Fee
(Endorsement Required)
Restricted Delivery Fee
(Endorsement Required)
Total Postage & Fees  $

Postmark
Here

7006 2760 0003 0037 5497

Sent To
_Sonny's 10th Ave_
Street, Apt. No.;
or PO Box No.
City, State, ZIP+4

PS Form 3800, August 2006    See Reverse for Instructions

# EXHIBIT

## B



## UFCW Local 342 Fund Office

900 South Avenue 2ᵈ Floor Suite 64 Staten Island New York 10314 Ph. 718-982-0342 Fax 718-982-0346

December 20, 2007

**By Certified Mail/ Return Receipt Requested**

Sonny's 10th Avenue Meat Market
758 Tenth Avenue
New York, New York 10019

Re:    Notice and Demand for Payment of Redetermination Liability
       UFCW Local 174 Pension Fund

Dear Employer:

You were previously notified that the UFCW Local 174 Pension Fund (the "Fund") experienced a mass withdrawal termination as of June 30, 2007. As explained in that notification, all contributing employers ceased to have an obligation to make contributions to the Fund upon the mass withdrawal termination. Consequently, your company is subject to the payment of mass withdrawal liability to the Fund under section 4219(c)(1)(D) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). There are three components of mass withdrawal liability—1) initial withdrawal liability; 2) redetermination liability; and 3) reallocation liability. These components are calculated by the Fund and its actuary as provided under ERISA.

The Fund previously sent your company a notice and demand for your company's initial withdrawal liability in accordance with 29 CFR 4041A.23. Together with its actuary, the Fund has now calculated your company's redetermination liability under 29 CFR 4219.11(b)(2). In accordance with 29 CFR 4219.16(b), the Fund is hereby issuing a notice and demand for your company's payment of redetermination liability.

Redetermination liability is comprised of two elements under 29 CFR 4219.2: 1) the employer's liability for *de minimis* amounts; and 2) the employer's liability for 20-year-limitation amounts. The Fund has determined that your company is not liable for *de minimis* amounts. In addition, with the removal of the 20-year cap provided on initial withdrawal liability, the period over which your company must make its quarterly installment payments on its withdrawal liability is now **infinite**. Enclosed is an information sheet showing the elements of your company's redetermination liability, along with a payment schedule setting forth your company's required payments.

7180/74616-003 Current/10409402v3

**Please note that payments should be made <u>quarterly</u>, on the due dates indicated in the notice of initial withdrawal liability previously sent to your company.** Pursuant to Section 4219(c)(4) of ERISA, your company may elect to prepay the outstanding amount, plus accrued interest, in whole or in part, without penalty. Payment of withdrawal liability should be made directly to the order of "UFCW Local 174 Pension Fund" and forwarded to the undersigned at the address above.

Please note that the liability and payment schedule set forth above and in the enclosure is an estimate that is subject to adjustment due to a change in withdrawal liability resulting from, for example, any actuarial change in the amount of unfunded vested benefits. If such an adjustment becomes necessary, the Fund will submit an amended withdrawal liability statement to your Company.

Failure to make timely payments, as required under ERISA, will constitute a "default" within the meaning of section 4219(c)(5) of ERISA, and will entitle the Fund to require immediate payment of the full amount of withdrawal liability owed to the Fund by your company, plus accrued interest. The Fund will assess such default penalties on the entire amount of your company's withdrawal liability, as well as any court costs and attorneys' fees incurred in collecting such delinquency.

Please note that your Company will receive a notice and demand for reallocation liability, the final component of withdrawal liability, on a date to be determined under 29 CFR 4219.16(c), but no later than July 30, 2009.

If you have any questions, please contact the undersigned.

Sincerely,

Board of Trustees of the
UFCW Local 174 Pension Fund

By: _____
    Brandi Lauletti
    Fund Administrator

Enclosures

cc: Neal Schelberg, Esq.

2

7180/74616-003 Current/10409402v3

# UFCW LOCAL 174 PENSION FUND
## WITHDRAWAL LIABILITY AS OF JUNE 30, 2006

### SONNY'S 10TH AVE. MEAT MARKET

| | | Withdrawal Liability | Redetermination Liability |
|---|---|---|---|
| 1. | Plan's unfunded value of vested benefits as of June 30, 2006 | $  70,003,536 | $  70,003,536 |
| 2. | Total of all employer contributions to the Plan for Plan Years 2001 - 2005 (exclusive of contributions of employers who withdrew prior to the Plan Year beginning July 1, 2006) | $  11,847,957 | $  11,847,957 |
| 3. | Unfunded value of vested benefits as of June 30, 2006 per dollar of employer contributions during Plan Years 2001 - 2005 = (1) / (2) | 5.90849 | 5.90849 |
| 4. | Sonny'S 10Th Ave. Meat Market contributions for Plan Years 2001 - 2005 | $  36,917 | $  36,917 |
| 5. | Sonny'S 10Th Ave. Meat Market allocable share of the unfunded value of vested benefits as of June 30, 2006 = (3) x (4) | $  218,125 | $  218,125 |
| 6. | De minimis adjustment to withdrawal liability | $           . | |
| 7. | Employer withdrawal liability amount after de minimis adjustment = (5) - (6), not less than zero | $  218,125 | $  218,125 |
| 8. | Highest contribution rate (per member per month) for Sonny'S 10Th Ave. Meat Market | $  200.00 | $  200.00 |
| 9. | Highest average consecutive three-year Contribution Base Units for Sonny'S 10Th Ave. Meat Market | 46.67 | 46.67 |
| 10. | Amount of annual withdrawal payment = (8) x (9) | $  9,333 | $  9,333 |
| 11. | Amount of withdrawal payment if paid quarterly | $  2,333 | $  2,333 |
| 12. | Payment period | 20.00 | Infinite |
| 13. | Cost of annual withdrawal payment (10) amortized over the payment period (12) | $  102,281 | $  133,773 |
| 14. | Incremental cost | | $  31,492 |

# UFCW LOCAL 174 PENSION FUND
## WITHDRAWAL LIABILITY AS OF JUNE 30, 2006

### SONNY'S 10TH AVE. MEAT MARKET

Redetermination Liability Payment Schedule

|    | Year Beginning | Balance at Beginning of Year | Payment Due | Remaining Balance | 7.50% Interest | Balance at End of Year |
|----|------|-----------|--------|-----------|---------|-----------|
| 1  | 2007 | $218,125  | $9,333 | $208,792  | $15,659 | $224,451  |
| 2  | 2008 | $224,451  | $9,333 | $215,118  | $16,134 | $231,252  |
| 3  | 2009 | $231,252  | $9,333 | $221,919  | $16,644 | $238,563  |
| 4  | 2010 | $238,563  | $9,333 | $229,230  | $17,192 | $246,422  |
| 5  | 2011 | $246,422  | $9,333 | $237,089  | $17,782 | $254,871  |
| 6  | 2012 | $254,871  | $9,333 | $245,538  | $18,415 | $263,953  |
| 7  | 2013 | $263,953  | $9,333 | $254,620  | $19,097 | $273,717  |
| 8  | 2014 | $273,717  | $9,333 | $264,384  | $19,829 | $284,213  |
| 9  | 2015 | $284,213  | $9,333 | $274,880  | $20,616 | $295,496  |
| 10 | 2016 | $295,496  | $9,333 | $286,163  | $21,462 | $307,625  |
| 11 | 2017 | $307,625  | $9,333 | $298,292  | $22,372 | $320,664  |
| 12 | 2018 | $320,664  | $9,333 | $311,331  | $23,350 | $334,681  |
| 13 | 2019 | $334,681  | $9,333 | $325,348  | $24,401 | $349,749  |
| 14 | 2020 | $349,749  | $9,333 | $340,416  | $25,531 | $365,947  |
| 15 | 2021 | $365,947  | $9,333 | $356,614  | $26,746 | $383,360  |
| 16 | 2022 | $383,360  | $9,333 | $374,027  | $28,052 | $402,079  |
| 17 | 2023 | $402,079  | $9,333 | $392,746  | $29,456 | $422,202  |
| 18 | 2024 | $422,202  | $9,333 | $412,869  | $30,965 | $443,834  |
| 19 | 2025 | $443,834  | $9,333 | $434,501  | $32,588 | $467,089  |
| 20 | 2026 | $467,089  | $9,333 | $457,756  | $34,332 | $492,088  |

Continues for Infinity

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Sonny's 10th Avenue Meat Market
758 Tenth Avenue
New York, New York 10019
ATT: SONEL RAMIREZ

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
                                     12/22/7

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

2. Article Number
   (Transfer from se...    |ıılılı|ılııı.ıIlll.ılıblılıılıIlılılılılıl.|      i40

PS Form 3811, February 2004



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com₀

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |

Postmark
Here    12/27/07

Total

Sonny's 10th Avenue Meat Market
758 Tenth Avenue
New York, New York 10019
ATT: SONEL RAMIREZ

7006 2760 0003 0037 9674

PS Form 3800, August 2006          See Reverse for Instructions

# EXHIBIT

C



## UFCW Local 342 Fund Office

**900 South Avenue, Suite 64, Staten Island, New York 10314.Tel. 718-982-0342-Fax 718-982-0346**

February 18, 2008

**By Certified Mail/ Return Receipt Requested**

**Attn: Mr. Sonel Ramirez**
**Sonny's Tenth Avenue Meat Market**
**758 10th Avenue**
**New York, New York 10019**

Re:    Notice of Failure to Make Payments on Withdrawal Liability
         UFCW Local 174 Pension Fund

Dear Mr. Ramirez:

By letter dated July 9, 2007 UFCW Local 174 Pension Fund (the "Fund") notified Sonny's Tenth Avenue Meat Market (the "Company") of its obligation to pay withdrawal liability in accordance with Section 4219(c) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") (the "Demand Letter"). Specifically, the Demand Letter stated that the Company's payment of withdrawal liability to the Fund was required to commence no later than 60 days after the date of such letter, notwithstanding any request for review or appeal of the determinations of the amount of the withdrawal liability or the schedule of payments. The Demand Letter assessed withdrawal liability on the Company in the amount of $218,125.00 payable in eighty (80) quarterly installment payments, each in the amount of $2,333.00. The initial payment was due on or before September 7, 2007.

By letter dated December 20, 2007, the Fund notified the Company of the redetermination portion of the Company's withdrawal liability under 29 CFR §4219.11(b)(2) (the "Redetermination Letter"). The Redetermination Letter notified the Company of its liability for *de minimis* amounts and 20-year-limitation amounts under ERISA, and set out a revised withdrawal liability payment schedule. The Redetermination Letter informed the Company that it should continue to make its payments quarterly on the payment dates indicated in the Demand Letter.

According to our records, the Company has not made any payment to the Fund as required under the Fund's Demand Letter and Redetermination Letter. As of the date of this letter, the Company's outstanding amount due is $4,666.00. Please be advised that if the Company's failure is not cured within 60 days of receipt of this notice, the Company will be deemed in default of its

withdrawal liability as provided by Section 4219(c)(5) of ERISA. The Fund will then be entitled to require immediate payment of the outstanding amount of the Company's withdrawal liability, plus accrued interest. The Fund may assess such default penalties on the entire amount of the Company's withdrawal liability, as well as any court costs and attorneys' fees incurred in collecting such delinquency.

Payment should be made to the order of "UFCW Local 174 Pension Fund" and forwarded to the undersigned at the above address.

If you have any questions, please contact the undersigned.

Sincerely,

Board of Trustees of the
UFCW Local 174 Pension Fund

By: _____
Brandi Lauletti
Fund Administrator


cc:     Neal Schelberg, Esq.

2

# EXHIBIT

# D



900 South Avenue, Suite 64, Staten Island, New York 10314.Tel. 718-982-0342-Fax 718-982-0346

May 7, 2008

**By Certified Mail/ Return Receipt Requested**

**Sonny's 10th Ave. Meat Market**
**758 Tenth Avenue**
**New York, New York 10019**
**Attn: Mr. Sonel Ramirez**

Re:    Default on Withdrawal Liability
       <u>UFCW Local 174 Pension Fund</u>

Dear Mr. Ramirez:

By letter dated **July 9, 2007**, UFCW Local 174 Pension Fund (the "Fund") notified **Sonny's 10th Ave. Meat Market** (the "Company") of its obligation to pay withdrawal liability in accordance with Section 4219(c) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). At that time, the Company was provided with a demand for payment and payment schedule. By follow-up letter dated **February 18, 2008**, the Fund notified the Company of its failure to make payment and demanded that the Company cure the failure by making payment in accordance with the withdrawal liability payment schedule.

According to our records, the Company has not yet made payment as required. As a result, and in accordance with Section 4219(c)(5) of ERISA, the Company is now in default of its withdrawal liability. The Board of Trustees hereby requires immediate payment of the outstanding amount of the Company's withdrawal liability, **$218,125.00**, plus accrued interest of **$16,359.37**, as shown in the enclosed schedule. To avoid legal action, please send a single payment of **$234,484.37** made directly to the order of "UFCW Local 174 Pension Fund" and forwarded to the undersigned at the address above.

If you have any questions, please contact the undersigned.

Sincerely,

Board of Trustees of the
UFCW Local 174 Pension Fund

By: _____
Brandi Lauletti
Fund Administrator


cc:    Neal Schelberg, Esq.
Enclosure

**UFCW 174 Pension Fund**
**Accrued Interest for**
Sonny's 10th Ave. Meat Market

| | |
|---|---|
| Date of demand letter | July 9, 2007 |
| Annual interest rate | 7.50% |
| First payment due (60 days from demand letter) | September 7, 2007 |
| Withdrawal liability amount | $218,125.00 |
| Accrued interest to 5/7/2008 | $16,359.37 |
| **Total payment due** | $234,484.37 |

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Sonny's 10th Avenue Meat Market
758 Tenth Avenue
New York, New York 10019
Attn: Sonel Ramirez

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _____  ☐ Agent
                    ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
                                  5/1/08

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☑ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

                                              ☐ Yes

2. Ar
   (Tr

PS F                                  102595-02-M-1540



**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our

**O F F I C I A L   U S E**

Postage | $
Certified Fee |
Return Receipt Fee
(Endorsement Required) |
Restricted Delivery Fee
(Endorsement Required) |
Total Postage & Fees |

5/7/08
Postmark
Here

Sent
Stree
or PC
City,

Sonny's 10th Avenue Meat Market
758 Tenth Avenue
New York, New York 10019
Attn: Sonel Ramirez

PS Fo                              Instructions